```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION


BILLY HOLMES                     §
a/k/a BILLY RICHARDS,            §
TDCJ-CID NO. 306701,             §
                                 §
            Petitioner,          §
                                 §   CIVIL ACTION NO. H-07-0357
v.                               §
                                 §
NATHANIEL QUARTERMAN,            §
                                 §
            Respondent.          §
```

## MEMORANDUM OPINION AND ORDER

Billy Holmes a/k/a Billy Richards (Holmes), an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a petition for a writ of habeas corpus challenging a parole revocation. Pending before this court is a Motion to Dismiss as a Successive Petition (Docket Entry No. 11) filed by the respondent, Nathaniel Quarterman. After reviewing Holmes' response (Docket Entry No. 11) and the records, this court has determined that the motion should be denied in part and granted in part.

### I. Procedural History

A jury convicted Holmes of aggravated robbery and sentenced him to life imprisonment. State v. Holmes, No. 313,370 (263rd Dist. Ct., Harris County, Tex., June 24, 1980). Holmes appealed the judgment, which was affirmed by the Court of Appeals for the

Fourteenth District of Texas. Richards [Holmes] v. State, 630 S.W.2d 422 (Tex. App. – Houston [14th Dist.] 1982). The Texas Court of Criminal Appeals refused Holmes' petition for discretionary review on June 2, 1982. Holmes v. State, No. 296-82. Holmes filed several state applications for a writ of habeas corpus challenging the trial court's judgment in the state district court where he was convicted. The Court of Criminal Appeals denied the first application on the merits. Ex parte Holmes, No. 12,098-02 (Tex. Crim. App. Oct. 10, 1983). The second application was denied for abuse of the writ. Ex parte Holmes, No. 12,098-05 (Tex. Crim. App. Dec. 9, 1987). The Court of Criminal Appeals did not consider the third application, citing abuse of the writ. Ex parte Holmes, No. 12,098-05 (Tex. Crim. App. Aug. 22, 1994).

Prior to the current pending action, Holmes filed three petitions for a federal writ of habeas corpus in the Southern District of Texas challenging his robbery conviction. The first petition was dismissed on the merits. Holmes v. Lynaugh, No. H-88-1118 (S.D. Tex. Sept. 30, 1991). See Holmes v. Garcia, No. H-93-1577 (S.D. Tex. Jan. 31, 1996), Docket Entry No. 8, page 8, n.1, citing H-88-1118 (dismissing civil rights suit pursuant to Heck v. Humphrey). The second petition was dismissed for abuse of the writ. Holmes v. Scott, No. H-94-3744 (S.D. Tex. Oct. 25, 1995). The third petition was dismissed, without prejudice, as a successive petition pursuant to 28 U.S.C. § 2244(b). Holmes v. Johnson, No. H-97-1486 (S.D. Tex. Sept. 12, 1997).

Holmes was paroled on January 4, 2000, and his parole was revoked on May 26, 2006. After the revocation Holmes filed a state application for a writ of habeas corpus, which was dismissed for abuse of the writ pursuant to Tex. Code Crim. Pro. art. 11.07 § 4(a). Ex parte Holmes, No. 12,098-09 (Tex. Sept. 13, 2006).[1] Holmes then filed the current pending federal habeas petition on January 24, 2007.

## II.  Claims

Holmes presents the following claims in his petition:

1. Holmes was held at the Harris County Jail pursuant to an invalid warrant, which was issued on false information regarding a urinalysis test.[2]

2. The Parole Board did not have authority to issue a revocation warrant for Holmes' 1980 conviction, which Holmes alleges is void.

## III.  Respondent's Argument

The respondent contends that this action should be dismissed as successive pursuant to 28 U.S.C. § 2244(b)(2) because Holmes has previously challenged the validity of his conviction.

---

[1] The respondent and the state courts apparently construed Holmes' state application as presenting only one ground for relief in which he alleged that the conviction was void. See No. 12,098-09, Respondent's Answer, State Court Records, at pages 22-23. However, Holmes had submitted an Amended Application for a Writ of Habeas Corpus in which he asserted that his revocation was based on a false report regarding his urinalysis. See State Court Records, at pages 19-20.

[2] Holmes also challenges his "continued illegal detention" in Harris County Jail. See Docket Entry No. 1, at page 4. The specific issue of Holmes' continued incarceration at the jail has been mooted by his transfer to TDCJ-CID. See Biliski v. Harboth, 55 F.3d 160, 162 (5th Cir. 1995).

## IV. Analysis

The following statutory language applies to this proceeding:

**(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

**(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

**(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

**(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

**(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b).

The AEDPA does not define what constitutes a second or successive habeas petition. See United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000). However, the Fifth Circuit has held that a habeas petition is not successive solely because there was a previous habeas action. Id., citing In re Cain, 137 F.3d

-4-

234, 235 (5th Cir. 1998). A petition is successive if it consists of claims challenging the petitioner's conviction or sentence that were or could have been raised in an earlier petition; or if it otherwise constitutes an abuse of the writ. Id.; see also Crone v. Cockrell, 324 F.3d 833 (5th Cir. 2003), citing Cain.

Cain involved a prisoner's challenges to prison administrative disciplinary actions that occurred after the petitioner's unsuccessful habeas action concerning the actual state court judgment. The Fifth Circuit held that the inmate petitioner did not require the appellate court's permission to file the subsequent petitions because they were not "successive" under the terms of 28 U.S.C. § 2244. Cain, at 237.

With respect to Holmes' first claim, which challenges the validity of his 1980 conviction, the record is clear that such a challenge has been presented to and rejected by the federal district courts on more than one occasion. See Holmes v. Johnson, H-97-1486. The primary purpose of § 2244(b) is to prevent petitioners, such as Holmes, from repeatedly attacking their convictions and sentences after they have had a fair opportunity to do so. See United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000), citing Cain, 137 F.3d at 235 (5th Cir. 1998). Consequently, Holmes' second habeas claim, which challenges the validity of the 1980 conviction, shall be dismissed as successive.

The remaining claim, in which Holmes alleges that his parole was revoked pursuant to a false urinalysis report, concerns events

that occurred subsequent to his prior federal habeas proceedings. Therefore, Holmes does not require the Fifth Circuit's permission to raise his challenge with respect to the parole revocation, which occurred after the filing of his petition in Holmes v. Lynaugh, No. H-88-1118, and concerns a matter separate from the conviction and sentence.  Cain, at 236 (prisoner's habeas corpus petitions, challenging prison disciplinary proceedings that became final after prior habeas petitions, were not successive, and thus did not require permission to file under the AEDPA); see also Valona v. United States, 138 F.3d 693, 695 (7th Cir. 1998) (habeas petition challenging validity of parole supervision was not a challenge to the conviction or sentence itself); Crouch v. Norris, 251 F.3d 720, 724 (8th Cir. 2001) (petition challenging the execution of the sentence is not successive if the first petition challenged only the validity of the judgment itself).

The Motion to Dismiss for Lack of Jurisdiction (Docket Entry No. 11) will be granted to the extent that Holmes' challenge to the actual 1980 conviction is successive.  The motion will be denied regarding Holmes' challenge to his parole revocation based on his allegation of a false urinalysis report.  The respondent will be ordered to file a dispositive motion regarding the revocation, supported by available records, within thirty days of the date of this Memorandum Opinion and Order.  Holmes shall respond to the motion within thirty days of the date he received it as indicated

on the respondent's Certificate of Service. Holmes' failure to file a response may result in dismissal of this action for failure to prosecute under FED. R. CIV. P. 41(b).

Holmes has filed a Motion for Summary Judgment supported by a three-page affidavit. See Docket Entry Nos. 13 and 14. The motion will be denied because Holmes has failed to meet his summary judgment burden. FED. R. CIV. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 106 S.Ct. 2548, 2552 (1986); <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); <u>Bozé v. Branstetter</u>, 912 F.2d 801, 804 (5th Cir. 1990); <u>Littlefield v. Forney Independent School Dist.</u>, 268 F.3d 275, 282 (5th Cir. 2001).

### V. Conclusion and Order

The court **ORDERS** the following:

1.  Holmes' Motion for Summary Judgment (Docket Entry No. 13) is **DENIED.**

2.  Respondent Quarterman's Motion to Dismiss for Lack of Jurisdiction as a Successive Petition (Docket Entry No. 11) is **GRANTED** in part and **DENIED** in part.

3.  Holmes' claim that his conviction is void is **DISMISSED** as successive pursuant to 28 U.S.C. § 2244(b).

4.  Holmes' claim that his revocation was based on false information is **RETAINED**.

5.  The respondent shall file a dispositive motion within thirty (30) days from the entry of this Memorandum Opinion and Order.

6.  Holmes shall respond to the respondent's motion to dismiss or motion for summary judgment within thirty (30) days of the date in which the respondent mailed Holmes his copy of the motion as shown on the respondent's certificate of service. **<u>Holmes' failure to respond to any of the respondent's motions within the time limit may result in dismissal of this action for want of prosecution under  Fed. R. Civ. P. 41(b).</u>**

**SIGNED** at Houston, Texas, on this the 12th day of July, 2007.

SIM LAKE
UNITED STATES DISTRICT JUDGE