```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


BILLY HOLMES, a.k.a. BILLY        §
RICHARDS, TDCJ-CID NO. 306701,    §
                                  §
            Petitioner,           §
                                  §
v.                                §   CIVIL ACTION NO. H-07-0357
                                  §
NATHANIEL QUARTERMAN,             §
                                  §
            Respondent.           §
```

**MEMORANDUM OPINION AND ORDER**

Billy Holmes, a.k.a. Billy Richards, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a federal Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) under 28 U.S.C. § 2254 challenging revocation of his parole.  Respondent Nathaniel Quarterman has filed a Motion for Summary Judgment (Docket Entry No. 19) supported by State Habeas Records and a Parole Revocation Packet (PRP).  After reviewing the records, the pleadings, and the applicable law, including the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") deferential standard of review, the court will grant the respondent's motion for summary judgment, deny the petition, and deny a Certificate of Appealability.

## I.  Procedural History

A jury convicted Holmes of aggravated robbery and sentenced him to life imprisonment.  State v. Holmes, No. 313,370 (263rd

Dist. Ct., Harris County, Tex., June 24, 1980).  Holmes appealed the judgment, which was affirmed by the Court of Appeals for the Fourteenth District of Texas.  Richards [Holmes] v. State, 630 S.W.2d 422 (Tex. App. – Houston [14th Dist.] 1982).  The Texas Court of Criminal Appeals refused Holmes' petition for discretionary review on June 2, 1982.  Holmes v. State, No. 296-82.  Holmes filed several state applications for a writ of habeas corpus challenging the trial court's judgment in the state district court where he was convicted.  The Court of Criminal Appeals denied the first application on the merits.  Ex parte Holmes, No. 12,098-02 (Tex. Crim. App. Oct. 10, 1983).  The second application was denied for abuse of the writ.  Ex parte Holmes, No. 12,098-05 (Tex. Crim. App. Dec. 9, 1987).  The Court of Criminal Appeals did not consider the third application citing abuse of the writ.  Ex parte Holmes, No. 12,098-05 (Tex. Crim. App. Aug. 22, 1994).

Prior to filing the pending action, Holmes filed three petitions for a federal writ of habeas corpus in the Southern District of Texas challenging the constitutionality of his conviction.  The first petition was dismissed on the merits. Holmes v. Lynaugh, No. H-88-1118 (S.D. Tex. Sept. 30, 1991).  See Holmes v. Garcia, No. H-93-1577 (S.D. Tex. Jan. 31, 1996), Docket Entry No. 8, page 8, n.1, citing H-88-1118 (dismissing civil rights suit pursuant to Heck v. Humphrey).  The second petition was dismissed for abuse of the writ.  Holmes v. Scott, No. H-94-3744 (S.D. Tex. Oct. 25, 1995).  The third petition was dismissed,

without prejudice, as a successive petition pursuant to 28 U.S.C. § 2244(b).  Holmes v. Johnson, No. H-97-1486 (S.D. Tex. Sept. 12, 1997).

Holmes was paroled on January 4, 2000, and his parole was revoked on May 26, 2006.  On May 9, 2006, prior to the revocation, Holmes filed a State Application for a Writ of Habeas Corpus arguing that the Texas Board of Pardons and Parole lacked authority to revoke his parole because the underlying conviction was void. See State Habeas Records at pages 9-11.  On June 12, 2006, Holmes filed an Amended Application for a Writ of Habeas Corpus in which he asserted that his revocation was based on a false report regarding his urinalysis.  See State Court Records at pages 19-20. The Texas Court of Criminal Appeals dismissed the application based on abuse of the writ pursuant to TEX. CODE CRIM. PROC. art. 11.07 § 4(a).  Ex parte Holmes, No. 12,098-09 (Tex. Sept. 13, 2006). Holmes then filed the current pending federal habeas petition on January 24, 2007.  Two issues were presented in the petition:

   1.  The Parole Board did not have authority to issue a revocation warrant for Holmes' 1980 conviction, which was void according to Holmes.

   2.  Holmes was held at the Harris County Jail pursuant to an invalid warrant, which was issued on false information regarding a urinalysis test.

On April 20, 2007, the respondent filed a motion to dismiss Holmes' petition for lack of jurisdiction arguing that the petition was successive.  The court rejected the respondent's argument regarding Holmes' claim that his parole was revoked pursuant to a

false urinalysis report because the claim concerned events that occurred subsequent to his prior federal habeas proceedings. See United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000), citing In re Cain, 137 F.3d 234, 235 (5th Cir. 1998). However, the court granted the respondent's motion regarding Holmes' challenge to his 1980 conviction because that challenge has been presented to and rejected by the federal district courts on more than one occasion. Therefore, the remaining claim before this court is based on Holmes' allegation that he was held at the Harris County Jail pursuant to an invalid warrant, which was based on false information concerning a urinalysis test.

## II.  Parties' Arguments and Evidence

The respondent contends that Holmes' remaining claim should be dismissed because it was rejected by the Court of Criminal Appeals as procedurally barred. The respondent also argues that the claim is without merit because Holmes was actually convicted of possession of a controlled substance. See State v. Holmes, No. 1045939 (178th Dist. Ct., Harris County, Tex., Mar. 22, 2006) (copy of judgment in Parole Revocation Packet at 73-74).

In his response (Docket Entry No. 29) Holmes reiterates his argument that the Parole Board had no authority to revoke his parole because the 1980 aggravated robbery conviction was void. He asserts that this claim was presented in his original state habeas application. Holmes also reasserts his claim that he was illegally

held in Harris County Jail pursuant to a false urinalysis and states that he presented this claim in a supplement to his state habeas application. See Docket Entry No. 29 at 3.

### III. Standard of Review and Applicable Laws

Holmes' petition for a writ of habeas corpus is subject to review under the federal habeas statutes as amended by the Antiterrorism and Effective Death Penalty Act of 1996. 28 U.S.C. § 2254; Woods v. Cockrell, 307 F.3d 353, 356 (5th Cir. 2002); Nobles v. Johnson, 127 F.3d 409, 413 (5th Cir. 1997), citing Lindh v. Murphy, 117 S.Ct. 2059, 2068 (1997). A federal habeas petitioner challenging a state court decision is not entitled to relief unless the state court judgment

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The new AEDPA provisions have "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 122 S.Ct. 1843, 1849 (2002), citing Williams v. Taylor, 120 S.Ct. 1495, 1518 (2000). Habeas relief should only be granted where the state court decision is both incorrect and

-5-

objectively unreasonable.  Martin v. Cain, 246 F.3d 471, 476 (5th Cir. 2001), citing Williams, at 1521.

The section 2254(d) test is applied only to claims that have been "adjudicated on the merits in state court." Miller v. Johnson, 200 F.3d 274, 281 (5th Cir. 2000).  "The term 'adjudication on the merits,' like its predecessor 'resolution on the merits,' refers solely to whether the state court reached a conclusion as to the substantive matter of a claim, as opposed to disposing of the matter for procedural reasons. Valdez v. Cockrell, 274 F.3d 941, 950 (5th Cir. 2001), citing Neal v. Puckett, 239 F.3d 683, 686-87 (5th Cir. 2001).  A "denial" of a state habeas application signifies that the Texas Court of Criminal Appeals addressed and rejected the merits of a particular claim. Ex parte Torres, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).  In contrast, a "dismissal" means that the Court of Criminal Appeals refused to consider the claim without reaching the claim's merits. Id.  When the state court dismisses a claim on procedural grounds, the claim is procedurally barred from review by federal courts. Ylst v. Nunnemaker, 111 S.Ct. 2590, 2593 (1991).  Texas's abuse of the writ doctrine qualifies as a procedural bar. Barrientes v. Johnson, 221 F.3d 741, 759 (5th Cir. 2000).  Even if a federal court were to find that the claim was unexhausted rather than procedurally barred, the claim may still be subject to dismissal as barred if the petitioner had previously filed a state habeas application and any further applications would be considered to be

successive under section 4 of Article 11.07 of the Texas Code of Criminal Procedure.  See Horsley v. Johnson, 197 F.3d 134, 136 (5th Cir. 1999); see also Busby v. Dretke, 359 F.3d 708, 724 (5th Cir. 2005) ("When the result of filing a second habeas application in the state courts is so clear, it is appropriate to consider the petitioner's claim barred rather than first requiring the state court to deny a successive writ.").  Texas's abuse-of-writ rule is ordinarily an "adequate and independent" procedural ground on which to base a procedural default ruling.  Matchett v. Dretke, 380 F.3d 844, 848 (5th Cir. 2004); Henderson v. Crockwell, 333 F.3d 592, 605 (5th Cir. 2003).

## IV.  Analysis

As indicated in the procedural history above, Holmes has filed numerous state habeas applications challenging his aggravated robbery conviction.  See Ex parte Holmes, Nos. 12,098-02; 12,098-05; 12,098-06.  Consequently, the Court of Criminal Appeals cited Holmes for abuse of the writ and instructed the Clerk not to accept further habeas applications containing claims that were previously raised or could have been raised.  No. 12,098-05, Order dated October 23, 1987.  Despite the Order, Holmes submitted a state habeas application again challenging the trial court's judgment on May 9, 2006.  Ex parte Holmes, No. 12,098-09.  He then filed an amended application on June 12, 2006, which included his claim that the Board had issued an arrest warrant based on false information;

-7-

however, no copy was served on the State.  Id. at 18.  The State, not having seen the amended application, filed a response addressing Holmes' challenge to the 1980 state court judgment and arguing that the claim could not be reviewed because it was successive.  Id. at 23, citing TEX. CODE CRIM. PROC. art. 11.07 § 4.

In both the federal courts and in the state court systems, the law is clear that a convicted felon cannot repeatedly present challenges against his state court judgment that were previously available.  See 28 U.S.C. § 2244(b); TEX. CODE CRIM. PROC. art. 11.07 § 4.  Despite this, Holmes has filed habeas petitions presenting the same issues, which have been rejected by the state and federal courts as successive and as an abuse of the writ.  See Ex parte Holmes, Nos. 12,098-05 and 12,098-06; Holmes v. Scott, No. H-94-3744; Holmes v. Johnson, No. H-97-1486.  The State treated Holmes' latest state habeas application as yet another successive challenge to his conviction.  See No. 12,098-09 at 23.  Holmes filed a response, which only made a brief reference to his argument that he was arrested on the basis of false information.  12,098-09 at 28.  There is no mention of the urinalysis in the response, which is a reiteration of Holmes' argument that his conviction is void.  Id. at 26-29.  Consequently, the application was dismissed as a successive challenge.  See id. at Clerk's Summary Sheet; 40-41.  Texas's abuse-of-writ rule is ordinarily an "adequate and independent" procedural ground on which to base a procedural default ruling that would bar consideration for federal habeas

-8-

relief. Henderson v. Crockwell, 333 F.3d 592, 605 (5th Cir. 2003); Horsley v. Johnson, 197 F.3d 134, 137 (5th Cir. 1999); Matchett v. Dretke, 380 F.3d 844, 848 (5th Cir. 2004).

Holmes may only overcome his procedural default by demonstrating cause and prejudice or that failure to consider the claim would result in a fundamental miscarriage of justice. Morris v. Dretke, 413 F.3d 484, 491-92 (5th Cir. 2005). Cause is demonstrated by establishing that some objective external factor impeded his efforts to present his claim to the state courts. Meanes v. Johnson, 138 F.3d 1007, 1011 (5th Cir. 1999).

Habeas petitioners seeking relief in the federal courts must give the state courts a fair opportunity to consider the claims by filing procedurally correct appeals or post-conviction challenges. Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999). See also Alexander v. Johnson, 163 F.3d 906, 908-09 (5th Cir. 1998) (habeas petitioners challenging parole revocations must first exhaust state remedies). To the extent that the state courts may have overlooked Holmes' challenge regarding his urinalysis, Holmes must bear part of the blame by failing to assert it in his original habeas application and by not serving the State with a copy of his amended application. Holmes was aware of the urinalysis as early as April 21, 2006, well before he filed the state habeas application. See PRP at 22. The Texas Court of Criminal Appeals routinely denies successive habeas petitions, and Holmes has failed to carry the burden in demonstrating adequate cause to set aside the

procedural default. See Stokes v. Anderson, 123 F.3d 858, 860 (5th Cir. 1997).

Moreover, the record demonstrates that Holmes was not prejudiced by the appellate court's refusal to consider the merits of the claim regarding the urinalysis tests. Holmes' Parole Revocation Packet (PRP) indicates that he was given a six-month sentence in Harris County Jail, beginning March 22, 2006, based on a conviction for possession of cocaine. PRP at 73. Holmes had been held at Harris County Jail pursuant to the charge. Id. at 1. Although the urinalysis could not be located, the hearing officer for the parole revocation found that Holmes had been found guilty of possession of a controlled substance. Id. at 5. Regardless of the urinalysis results, the Board of Pardons and Paroles would have been compelled to revoke Holmes' conditional release based on the state court finding that Holmes was guilty of the charge. See Walter v. Torres, 917 F.2d 1379, 1382 (5th Cir. 1990). Further, any challenges to the validity of the warrant for Holmes' arrest based on a parole violation pursuant to the urinalysis are mooted by the subsequent conviction, which provides a clear basis for revocation. See Moody v. Daggett, 97 S.Ct. 274, 278 (1976). See also TEX. GOV'T CODE ANN. § 508.281(b) (West 2007) (determination that a parolee has been sentenced to a term of confinement for a new felony offense is sufficient hearing for revocation). Holmes has failed to establish cause and prejudice for the procedural default that would justify setting it aside. See Henderson v. Quarterman,

460 F.3d 654, 660-61 (5th Cir. 2006); Martin v. Maxey, 98 F.3d 844, 849 (5th Cir. 1997). Therefore, the respondent's motion will be granted, and this action will be dismissed as procedurally barred.

### V.  Certificate of Appealability

Under 28 U.S.C. § 2253, Holmes must obtain a certificate of appealability (COA) before he can appeal this Memorandum Opinion and Order dismissing his petition. To obtain a COA Holmes must make a substantial showing of the denial of a constitutional right. Cannon v. Johnson, 134 F.3d 683, 685 (5th Cir. 1998), citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983). To make such a showing, Holmes must demonstrate that issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. Miller-El v. Johnson, 261 F.3d 445, 449 (5th Cir. 1998). In this case the court has concluded that the remaining claim was procedurally barred. When a habeas dismissal is based on a ground that is not of a constitutional dimension the petitioner must show that the court erred. Whitehead v. Johnson, 157 F.3d 384, 386 (5th Cir. 1998). The laws restricting successive habeas applications in Texas courts are clear and unequivocal and preclude any rational debate as to whether Holmes is procedurally barred from his claim in federal court. See Resendiz v. Quarterman, 454 F.3d 456 (5th Cir. 2006). For the reasons stated in this Memorandum Opinion and Order, Holmes has not

made a substantial showing of the denial of a constitutional right. Newby, 81 F.3d at 569. The court **DENIES** the issuance of a COA in this action.

### VI.  Holmes' Motions

Holmes has filed a Motion Requesting Order for Unit Transfer (Docket Entry No. 18) in which he alleges that the respondent has purposely moved him to a unit with an inadequate library in order to prevent him from effectively researching the law in this action. As a result, Holmes requests that this court order the respondent to move him to a TDCJ-CID unit with a complete library. Prison officials have broad discretion with regard to assignments, and a prisoner does not have a protected interest in being placed at a particular unit. Olim v. Wakinekona, 103 S.Ct. 1741, 1748 (1983); Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996). Absent a clear showing of abuse this court will not interfere with the decisions of the prison administration. The motion (Docket Entry No. 18) will be denied.

Holmes has also filed a Motion for Discovery and Expansion of the Record (Docket Entry No. 24) and a Motion for Continuance for Discovery (Docket Entry No. 30). He seeks copies of the jury charge, the trial transcript, the jury verdict, his prior state habeas applications, his prior federal habeas petitions, records relating to his parole and revocation, a transcription of testimony given at his parole revocation, and a copy of the State Court

Clerk's record reflecting the date on which his state habeas application was transferred to the Court of Criminal Appeals. See Docket Entry No. 24. Many of the documents that Holmes requests concern issues that have been previously found to have no merit. Discovery is very limited in habeas proceedings, and Holmes is not licensed for a fishing expedition. See Rector v. Johnson, 120 F.3d 551, 562 (5th Cir. 1997), citing Perillo v. Johnson, 79 F.3d 441, 444 (5th Cir. 1996). The motions (Docket Entry Nos. 24 and 30) will be denied.

### VII. Conclusion and Order

The court **ORDERS** the following:

1. Respondent Quarterman's Motion for Summary Judgment (Docket Entry No. 19) is **GRANTED**.

2. All other motions (Docket Entry Nos. 18, 24, and 30) are **DENIED**.

3. This action will be dismissed with prejudice.

4. A Certificate of Appealability is **DENIED**.

**SIGNED** at Houston, Texas, on this 22nd day of October, 2007.

SIM LAKE
UNITED STATES DISTRICT JUDGE